ROBERT C. HAZLEWOOD *v.* Adm'r, &c. of ANGELINE PARKER.

(No. 2,078.)

The power of amendment, in the general terms, conferred by the code (sec. 137), extends as well to a bill of exceptions as to any other part of a record, when the proposed amendment is in furtherance of justice.

SPECIAL TERM.—On motion to amend bill of exceptions.

It appears that in framing a bill of exceptions in this case, a mistake, or clerical error, occurred. The bill of exceptions states that a certain paper, which is still found in the file of the case, and as to the identity of which there can be no doubt, was attached as part of the bill of exceptions, and marked with the letter A.; but, in fact, it was not done. The transcript sent to the supreme court, upon a petition in error, does not contain this paper. A motion is now made to amend the record, so that the transcript may be perfected, and show to the appellate court the points intended to be presented.

*Worthington & Matthews and R. M. Corwine,* for plaintiff.

*Fox & Fox,* for defendant.

GHOLSON, J. I know no reason why the power of amendment, in the general terms, conferred by the code, (sec. 137,) should not extend as well to a bill of exceptions as to any part of a record, when the proposed amendment is in furtherance of justice, and will prevent a party from being tripped up by a technical objection. The only objection is, whether, in such a case as this, there is anything to amend by, and I am clearly satisfied there is. The paper which is found in the file is shown, by clear and inherent evidence, to

be the one intended to be marked and attached, and I shall, therefore, direct it to be done.

A reference, to authorities will show that where there are means within the competency of the court, as, for example, the judge's notes, a bill of exceptions may be amended. *Pownall* v. *Mascall*, 2 Knapp, P. C. 161; *Culley* v. *Doe*, 39 E. C. L. 306, note. That there has been a proceeding in error, constitutes no objection. "It is never too late to do, in proper terms, what is necessary to be done to prevent injustice." "Where the error is discovered, as appears in this case, before the judgment of the court of error is pronounced, the parties may come to the original court in which the proceedings were, to endeavor, if they can, to rectify what is a mere slip or omission of counsel." *Richardson* v. *Mellish*, 3 Bing. 334; 11 Eng. Com. Law, 131, 132.

In view of these authorities, and the general power given by the code, I am satisfied as to my power; and it is quite clear, that what has occurred in this case is a mere slip or omission, and that it should be corrected.

Motion granted.